IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GERARD N. LOUIS,

       Plaintiff,

v.                                          Civil Action No. 5:08CV151
                                                             (STAMP)
WARDEN (Acting) RICARDO MARTINEZ,
UNIT MANAGER CHRIS GRINER,
and LIEUTENANT VINCE CLEMENTS,

       Defendants.

**MEMORANDUM OPINION AND ORDER
OVERRULING THE PLAINTIFF'S OBJECTION TO
ORDER DENYING APPOINTMENT OF COUNSEL
AND GRANTING THE PLAINTIFF'S MOTION
FOR AN EXTENSION OF TIME**

I.  Background

The pro se[1] plaintiff, Gerard N. Louis, filed a complaint alleging that the defendants were indifferent to his personal safety. Specifically, he alleges that after warning the defendants he was in danger and asking to be transferred to another cell or into protective custody, he was raped by his cell mate. On August 26, 2009, the plaintiff filed a motion for the appointment of counsel. Thereafter, United States Magistrate Judge James E. Seibert entered an order denying the plaintiff's motion for appointment of counsel. Currently before this Court is plaintiff's objection to the magistrate judge's order denying the motion for appointment of counsel and a motion for an extension of time to

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

respond to the defendants' motion to dismiss. For the reasons set forth below, this Court overrules the plaintiff's objections and affirms the order of the magistrate judge and grants the plaintiff's motion for an extension of time to respond.

## II. Discussion

A district court may appoint counsel to an indigent plaintiff in a civil action. This authority to appoint counsel, however, is discretionary, and there is no Constitutional right to have appointed counsel in a civil action. 28 U.S.C. § 1915(e)(1) (2009). The United States Court of Appeals for the Fourth Circuit has limited a district court's discretion, stating that "it is well settled that in civil actions the appointment of counsel should be allowed only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 779 (4th Cir. 1975). The court determines whether these circumstances exist by examining the characteristics of the claim and the litigant. Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984).

In his objections, the plaintiff seeks the appointment of counsel on the grounds that he is on "Trans.-seq.", which, according to the plaintiff, means that for the next year, he will not have access to his legal property from his "parent institution." The plaintiff states that he will not have access to his personal records and documents pertaining to this civil action. Further, the plaintiff claims that he lacks access to instructional

legal literature.  Finally, the plaintiff states that he will not have the opportunity for legal assistance by fellow inmates.

While this Court sympathizes with the plaintiff's difficulties, the plaintiff's case does not meet the threshold to allow this Court to appoint counsel on his behalf.  The plaintiff has not demonstrated exceptional circumstances.  Accordingly, the plaintiff's motion for counsel must be denied, and the plaintiff's objection is overruled.

### III.  Conclusion

For the above stated reasons, the plaintiff's objection to the magistrate judge's order denying appointment of counsel is OVERRULED, and the magistrate judge's order is AFFIRMED.  For good cause shown, it is further ORDERED that the plaintiff shall have up to and including **November 18, 2009** to file his response to the defendants' motion to dismiss.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED:    October 19, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE