IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GERARD LOUIS,

    Plaintiff,

v.                                                  Civil Action No. 5:08CV151
                                                                        (STAMP)

WARDEN (Acting) RICARDO MARTINEZ,
UNIT MANAGER CHRIS GRINER[1],
LIEUTENANT VINCE CLEMENTS,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING THE PLAINTIFF'S MOTION
TO ENLARGE TIME TO REVIEW AND
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Facts and Procedural History

The plaintiff, Gerard Louis, proceeding pro se,[2] filed a complaint on September 29, 2008, asserting constitutional claims against the defendants. Because the plaintiff is a federal prisoner, his constitutional claims are evaluated under Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens"), which established a direct cause of action under the Constitution of the United States against federal officials for violation of federal constitutional rights. Bivens, 403 U.S. at 397. This matter was referred to United States Magistrate Judge James E. Seibert for an initial review and report and recommended

---

[1] The plaintiff misspelled the name of this defendant in the caption. This defendant's last name should be spelled Greiner.

[2] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

disposition pursuant to Local Rule Prisoner Litigation Procedure 83.01, et seq., and 28 U.S.C. §§ 1915(e) and 1915(A).

According to the complaint, the plaintiff states that he had a disagreement with his cell mate on February 7, 2007. He alleges that his cell mate assaulted him and made threats against his life. The plaintiff alleges that he informed the Unit Counselor that he had reason to believe his life was in danger if he remained in the cell, or even the same unit as his cell mate. As a result of this report, the plaintiff alleges that defendant Unit Manager Chris Greiner ("Greiner") ordered an emergency move for the plaintiff.

On March 16, 2007, the plaintiff states that Greiner told the plaintiff that he would be moving back to his former cell. The plaintiff allegedly told Greiner that a transfer back to his former cell with his former cell mate would place his life in grave danger. The plaintiff allegedly next spoke with Operations Lieutenant Vince Clements ("Clements"). After making some phone calls, Clements allegedly ordered the plaintiff back to his former cell. The plaintiff next states that a few days after moving into his former cell, he spoke with Warden Ricardo Martinez ("Martinez"). He allegedly gave him a BP-9 and told him that he was in imminent danger. The plaintiff asked to be placed in protective custody in the Special Housing Unit ("SHU") or transferred. Martinez allegedly told the plaintiff there was no room in the SHU, but that if the plaintiff had eighteen months of clear conduct, Martinez would "ship" the plaintiff.

The plaintiff states that despite his best efforts to get along with his cell mate, on April 11, 2007, his cell mate raped him. The plaintiff seeks $100,000.00 in damages from each of the three defendants.

Thereafter, on August 13, 2009, the defendants filed a motion to dismiss or, in the alternative, motion for summary judgment. The defendants attached eight declarations to the motion to dismiss. These declarations seek to establish that the defendants did not know that the plaintiff's cell mate presented a substantial risk of serious harm to the plaintiff. Kevin Littlejohn, the Administrative Remedy Clerk at the Mid-Atlantic Regional Office of the Bureau of Prisons, indicates that the plaintiff did not file any claim for administrative remedies alleging that he was assaulted on February 7, 2007. Christopher Greiner indicates that the plaintiff denied there being any safety concerns. He further denies that he ordered an emergency move on February 7. Greiner states that because SENTRY does not show that either the plaintiff or his cell mate was placed in SHU, neither inmate was known to have any problems with any other inmate. Lastly, he denies that the plaintiff informed him that he faced imminent danger if he moved back into the cell. Bryan Antonelli, Supervisory Investigative Agent at USP-Hazelton at the time of the complaint, indicates that he was informed that the plaintiff made a statement that he had been sexually assaulted by his cell mate and that the plaintiff had an examination at Health Services and later at

3

Monongalia General Hospital in Morgantown, West Virginia. The plaintiff told his hospital physician that his cell mate raped him. Because of an oversight, the rape kit from the hospital was not forwarded to the state criminal laboratory. Therefore, the swabs were never tested for DNA. Antonelli then states that evidence of the cell mate's DNA would not have been conclusive regarding a rape as Antonelli states the cell mate claims that he and the plaintiff were in a relationship. Sherry Slone, a registered nurse and the Health Services Administrator at USP-Big Sandy, declared that there were no records that show the plaintiff reported an assault or was treated for an assault during February 2007. Vincent Clements, Operations Lieutenant at USP-Hazelton at the time of the complaint, denies the allegations of the plaintiff. He states he would not ignore an inmate who told him that he was in imminent danger. Ricardo Martinez, warden at USP-Hazelton from March 11, 2007 to June 11, 2007, denies that the plaintiff informed him that he was in danger from his cell mate. Further, Martinez indicates that he does not remember the plaintiff giving him a BP-9. Tammy Titchenell, Administrative Remedy Clerk at USP-Hazelton at the time of the complaint, declared that the original administrative remedy form was received on April 16, 2007. Donald Petrisko, the current Supervisory Investigative Agent at USP-Hazelton, states that the only investigation in the computer database involving the plaintiff and his cell mate involved the alleged rape on April 11, 2007.

On August 14, 2009, Magistrate Judge Seibert issued a Roseboro notice. Magistrate Judge Seibert granted two motions by the plaintiff for an extension of time to file a response to the motion to dismiss. On October 9, 2009, the plaintiff responded to the defendants' motion to dismiss.

The magistrate judge issued a report and recommendation recommending that the defendants' motion to dismiss or in the alternative, motion for summary judgment be granted with respect to the plaintiff's claims regarding retaliation and be denied with respect to the plaintiff's claim that his Eighth Amendment rights were violated and that the defendants are entitled to qualified immunity. In addition, the magistrate judge recommended that this Court issue a scheduling Order to address the issue of an alleged violation of the plaintiff's Eighth Amendment rights.

In his report, the magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party objecting to his proposed findings and recommendation must file written objections within ten days after being served with a copy of the report. The defendants filed objections. On December 31, 2009, the plaintiff filed a motion "to enlarge time to review defendants counsel's forthcoming 'motion to object' to the U.S. Magistrate Judge's report and recommendation." In this motion, the plaintiff asks for time to review the defendants' objections and file an appropriate response. On January 13, 2010, the plaintiff filed a response to the defendants' objections. This Court grants the plaintiff's

motion to enlarge the time to review the defendants' objections and will therefore consider the plaintiff's response in reviewing the magistrate judge's report and recommendation and the defendants' objections.

For the reasons set forth below, this Court finds that the magistrate judge's report and recommendation should be affirmed and adopted in its entirety.

## II. Applicable Law

A. Title 28, United States Code, Section § 636(b)(1)(C)

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the defendants have filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made. Because no party objected to the magistrate judge's report and recommendation as to the plaintiff's retaliation claim, this Court reviews that portion of the magistrate judge's report and recommendation for clear error.

B. Rule 12(b)(6) Motion to Dismiss

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept all well-pled facts

contained in the complaint as true. <u>Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc</u>, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." <u>Id.</u> (citing <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009)). This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments." <u>Wahi v. Charleston Area Med. Ctr., Inc.</u>, 562 F.3d 599, 615 n.26 (4th Cir. 2009).

It has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1356 (3d ed. 1998). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. <u>Id.</u> For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). <u>Id.</u> § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'"

Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 129 S. Ct. at 1949). Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief about the speculative level." Twombly, 550 U.S. at 555.

C. Motion for Summary Judgment

Under Federal Rule of Civil Procedure (Rule) 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).

However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly

supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)(Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. See Oksanen v. Page Mem'l Hosp., 912 F.2d 73, 78 (4th Cir. 1990), cert. denied, 502 U.S. 1074 (1992). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party

9

opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## III. Discussion

### A. Plaintiff's Eighth Amendment Claims

A prison official violates the Eighth Amendment when he is deliberately indifferent "to a substantial risk of serious harm to an inmate." Farmer v. Brennan, 511 U.S. 825, 828 (1994). The Eighth Amendment imposes the duty on a prison official to "take reasonable measures to guarantee the safety of inmates," which includes protecting prisoners from "violence at the hands of other prisoners." Id. at 832–33. While the Supreme Court has not addressed at what point a risk of inmate assault becomes sufficiently substantial for Eighth Amendment purposes, the Supreme Court has stated that for a prison official to be found liable under the Eighth Amendment for denying an inmate humane conditions of the confinement, the official must know of and disregard "an excessive risk to inmate health or safety." Id. at 837. Further, the official must "both be aware of fact from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

The magistrate judge correctly stated that viewing the facts in the light most favorable to the plaintiff, the complaint survives a motion to dismiss. The plaintiff gives the defendants fair notice of his claims. Taking the plaintiff's version of the facts as true, the defendants were aware of the facts from which

the inference could be drawn that a substantial risk of serious harm existed. The plaintiff told the defendants he feared for his life, but he was reassigned to his former cell with his former cell mate.

Further, the magistrate judge correctly found that summary judgment at this stage in the proceedings is inappropriate. The defendants believe and declare that the plaintiff did not report an assault prior to the alleged rape. The defendants' declarations set forth that the plaintiff did not file an administrative grievance regarding the alleged February 2007 assault, that he did not seek treatment for that alleged assault, that he would have been moved to SHU instead of another cell if the plaintiff alleged an assault, and finally that the prison staff would have investigated any alleged assault.

This Court acknowledges that no discovery has occurred at this point in the case. However, the plaintiff sets forth a contrary set of factual allegations in his response to the motion to dismiss. The magistrate judge correctly pointed to several inconsistencies between the defendants' and the plaintiff's versions of the facts. The plaintiff states in detail the alleged conversation between the unit counsel and Greiner regarding the plaintiff's move for safety reasons. The plaintiff states that he did not file a grievance regarding the February assault because he was moved out of the cell and therefore had no reason to file a grievance. Further, the plaintiff states that he did not require

11

medical attention and did not want to go to SHU pending an investigation.  He also gives a thorough explanation of the decision to move him back into his former cell and his reports to prison officials of the danger of moving back into the cell.  This Court further agrees with the magistrate judge that the fact that the defendants failed to have the rape kit analyzed is troubling.  Finally, the only evidence that the cell mate and the plaintiff were in a relationship comes from the statement of the cell mate after the alleged rape.

This Court notes that the defendants filed five additional declarations in their objections to the report and recommendation.  However, this Court will decide the motion only with documents in the record made at the time of the entry of the report and recommendation.

There are genuine issues of material fact regarding the alleged rape, the move out of the cell, and the return to the cell.  Accordingly, after a <u>de novo</u> review of the record, this Court agrees with the magistrate judge that summary judgment is inappropriate at this time.

B.   <u>Qualified Immunity</u>

Under <u>Saucier v. Katz</u>, 533 U.S. 194, 201 (2001), analysis of a qualified immunity defense requires a two-part inquiry.  The first question is whether the facts alleged, when viewed in the light most favorable to the injured party, "show the officer's conduct violated a constitutional right."  <u>Id.</u>  If the facts

12

alleged fail to make this showing, the inquiry is at an end, and the official is entitled to summary judgment. Id. If, however, the facts alleged do show a constitutional injury, the second question is whether the constitutional right was clearly established at the time of the violation. Id. Qualified immunity is abrogated only upon a showing that the officer's conduct violated a constitutional right and that such right was clearly established at the time the conduct occurred. Id.

This Court has found that a genuine issue of material fact exists at this time as to whether the plaintiff has suffered a constitutional injury. This fact alone defeats the defendants' summary judgment motion at this time. This Court presently cannot say as a matter of law that the plaintiff did not suffer a constitutional injury therefore ending the analysis and entitling the defendants to qualified immunity. Likewise, this Court also cannot find as a matter of law that a constitutional injury did occur, sufficiently moving this Court forward to the second inquiry under Saucier, whether that constitutional right was clearly established. Charbonnages de France, 597 F.2d at 414. Because summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law," summary judgment is not appropriate in this case, and the defendants' motion is denied. Id.

If the defendants are found to have denied the plaintiff humane conditions of confinement and disregarded an excessive risk to the plaintiff's health or safety, the defendants would still be entitled to qualified immunity if a reasonable prison official under the circumstances would not have known that placing the plaintiff with a cell mate who had previously assaulted the plaintiff posed a significant risk of harm. The defendants bear the burden of proof on this second question. Henry v. Purnell, 501 F.3d 374, 378 (4th Cir. 2007). The defendants have not met this burden at this time. A reasonable prison official would recognize that placing the plaintiff with a cell mate who had previously assaulted the plaintiff would pose a significant risk of harm.

C.  Plaintiff's Retaliation Claim

In order to sustain a retaliation claim, a prisoner must allege "either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act violated such a right." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Further, "in forma pauperis plaintiffs who allege that their constitutional rights have been violated by official retaliation must present more than naked allegations of reprisal" to survive dismissal for frivolousness pursuant to 28 U.S.C. § 1915(e). Id. Permitting baseless allegations to move forward would open up the prospect of endless claims of retaliation on the part of inmates and would embroil the courts in every disciplinary act that occurs in state penal institutions. Id.

In this case, the magistrate judge found that the plaintiff has made a single conclusory statement alleging reprisal. The plaintiff's complaint fails to contain any factual allegations tending to support his bare assertion that "top prison officials" retaliated against him. The plaintiff did not file objections to the magistrate judge's conclusion regarding his retaliation claim. This Court finds that the magistrate judge's report and recommendation on the plaintiff's retaliation claim is not clearly erroneous. Accordingly, the defendants' motion to dismiss, or in the alternative, motion for summary judgment is granted as to the plaintiff's retaliation claim.

IV. Conclusion

For the reasons set forth above, this Court GRANTS the plaintiff's motion to enlarge time to review. Further, this Court AFFIRMS and ADOPTS the report and recommendation of the magistrate judge in its entirety. Accordingly, this Court DENIES the defendants' motion to dismiss or, in the alternative, motion for summary judgment with respect to the plaintiff's Eighth Amendment claim and the defendants' qualified immunity defense. This Court GRANTS the defendants' motion to dismiss or, in the alternative, motion for summary judgment with respect to the plaintiff's retaliation claim. This Court will issue a separate scheduling order for the plaintiff's Eighth Amendment claim.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED:   February 16, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE