IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GERARD N. LOUIS,

    Plaintiff,

v.                                        Civil Action No. 5:08CV151
                                                          (STAMP)

WARDEN (Acting) RICARDO MARTINEZ,
UNIT MANAGER CHRIS GRINER,
and LIEUTENANT VINCE CLEMENTS,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION
FOR APPOINTMENT OF COUNSEL**

I. Background

The pro se[1] plaintiff, Gerard N. Louis, filed a complaint alleging that the defendants were indifferent to his personal safety. Specifically, he alleges that after warning the defendants he was in danger and asking to be transferred to another cell or into protective custody, he was raped by his cell mate. On February 16, 2010, this Court issued a memorandum opinion and order affirming and adopting the report and recommendation of the magistrate judge, which granted the defendants' motion to dismiss with respect to the plaintiff's retaliation claims, but denied the defendants' motion to dismiss with respect to the plaintiff's Eighth Amendment claims and the defendants' qualified immunity defense. This Court then entered a scheduling order. Thereafter,

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

on April 1, 2010, the plaintiff filed a motion for the appointment of counsel. For the reasons set forth below, this Court denies the plaintiff's motion for the appointment of counsel.

## II. Discussion

A district court may appoint counsel to an indigent plaintiff in a civil action. This authority to appoint counsel, however, is discretionary, and there is no Constitutional right to have appointed counsel in a civil action. 28 U.S.C. § 1915(e)(1) (2010). The United States Court of Appeals for the Fourth Circuit has limited a district court's discretion, stating that "it is well settled that in civil actions the appointment of counsel should be allowed only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 779 (4th Cir. 1975). The court determines whether these circumstances exist by examining the characteristics of the claim and the litigant. Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984).

In his motion, the plaintiff seeks the appointment of counsel on the grounds that he is confined in the Special Management Unit. He states that all inmates in this unit are subjected to continuous lock-down. He states that he will have no chance to have legal assistance by fellow inmates and that he will only have four hours per month of law library usage. The plaintiff next argues that because his case survived summary judgment, his case is likely to proceed to trial. Further, the plaintiff claims that he lacks access to material witnesses and lacks the ability to investigate

the facts and present his case. He also points to his <u>in forma pauperis</u> status. Finally, the plaintiff states that he should prevail at trial.

While this Court sympathizes with the plaintiff's difficulties, the plaintiff's case does not meet the threshold to allow this Court to appoint counsel on his behalf. The plaintiff has not demonstrated exceptional circumstances. Accordingly, the plaintiff's motion for counsel must be denied.

### III. <u>Conclusion</u>

For the above stated reasons, the plaintiff's motion for appointment of counsel is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the <u>pro se</u> plaintiff by certified mail and to counsel of record herein.

DATED: April 12, 2010

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE