IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


GERARD N. LOUIS,

      Plaintiff,

v.                                     Civil Action No. 5:08CV151
                                                                (STAMP)
WARDEN (Acting) RICARDO MARTINEZ,
UNIT MANAGER CHRIS GRINER,
and LIEUTENANT VINCE CLEMENTS,

      Defendants.


**ORDER APPOINTING COUNSEL**

On September 29, 2008, Gerard N. Louis filed this pro se civil action pursuant to Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging violations of his Eighth Amendment rights. After leave to proceed in forma pauperis was granted, on August 25, 2009, the plaintiff filed a motion requesting the appointment of counsel that was later denied. Thereafter, on April 1, 2010, the plaintiff filed a renewed motion for the appointment of counsel. This motion, again, was denied. On February 7, 2011, this Court entered a memorandum opinion and order denying the defendants' second motion to dismiss, or in the alternative, motion for summary judgment.

The Court has reconsidered plaintiff's motions for appointment of counsel. The Court has discretion to appoint counsel for an indigent plaintiff pursuant to 28 U.S.C. § 1915(d). Factors to be considered by the Court in making this determination include the type and complexity of the case and the abilities of the plaintiff. Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984). After a

review of the file in this matter, the Court has determined that plaintiff cannot from this stage forward properly prosecute this case on his own. Attorneys Lester C. Hess, Jr. and Anthony I. Werner have generously consented to represent the plaintiff in this civil action. Accordingly, it is ORDERED that attorneys Lester C. Hess, Jr. and Anthony I. Werner of the law firm of Bachmann, Hess, Bachmann & Garden, PLLC of Wheeling, West Virginia, are appointed to represent the plaintiff in this case. No funds are available to compensate Mr. Hess and Mr. Werner. However, a prevailing party in an action pursuant to 42 U.S.C. § 1983 may be entitled to recover attorney's fees and costs. 42 U.S.C. § 1988.

Each lawyer for plaintiff should keep separate time and expense records, and to the extent possible, avoid services which might be deemed duplicative in nature.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this order to the plaintiff by certified mail and to all counsel of record herein.

DATED: February 7, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE