**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**GERARD N. LOUIS,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　Civ. Action No. 5:08-CV-151

**WARDEN (Acting) RICARDO
MARTINEZ, UNIT MANAGER
CHRIS GREINER and LIEUTENANT
VINCE CLEMENTS,**

    **Defendants.**

**MEMORANDUM AND ORDER CONFIRMING PRONOUNCED ORDER OF THE
COURT FINDING CERTAIN OF DEFENDANTS' RESPONSES TO
PLAINTIFF'S REQUEST FOR ADMISSION INSUFFICIENT
AND DEEMING THE REQUESTS ADMITTED**

This matter comes before the Court on Plaintiff's, Gerard N. Louis, Motion to Determine the Sufficiency of Defendants' Responses to Requests for Admission filed May 5, 2011.[1] The Court held an evidentiary hearing and argument on Plaintiff's Motion on May 13, 2011. Plaintiff appeared by Theodore C. Hess, Jr., Esq. and Anthony I. Werner, Esq., in person. Defendants appeared by Rita R. Valdrini, Esq., in person. No testimony was taken nor was any other evidence adduced.

## I.  INTRODUCTION

A.　　Background

This action was initiated on September 29, 2008 by Plaintiff's filing of a complaint against Defendants asserting violations of Plaintiff's constitutional rights while he was a federal

---

[1] Dkt. No. 216.

1

prisoner. Plaintiff's claim is evaluated under Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) (hereinafter "Bivens"), which established a direct cause of action under the Constitution of the United States against federal officials for violation of federal constitutional rights. Plaintiff alleges his cell mate assaulted Plaintiff and made threats against Plaintiff's life on February 7, 2007. The present litigation stems from this incident.

B.  The Motion

Plaintiff's Motion to Determine the Sufficiency of Defendants' Responses to Requests for Admission.[2]

C.  Decision

Defendants' Responses to Plaintiff's Requests for Admissions, Numbers 1, 2, 4, 5, 7, 8, 10-12, 14-16, 20, 22, 23, 27-29, and 31-40, are insufficient and are deemed **ADMITTED** for purposes of the trial.

Defendant Clements' Responses to Plaintiff's Requests for Admissions, Numbers 27 and 28 are not admitted for purposes of the trial.

## II.  FACTS

1.  On March 22, 2011, Plaintiff's Requests for Admission were served on Defendants.

2.  Defendants' Responses were served on Plaintiff on April 21, 2011.

3.  Plaintiff's counsel emailed Defendants' counsel on April 26, 2011 to obtain responses that comply with Fed. R. Civ. R. 36.

4.  Defendants' counsel requested Plaintiff's counsel to provide case authority

---

[2] Dkt. No. 216.

supporting Plaintiff's position which Plaintiff's counsel supplied by email on April 27, 2011.

5. Plaintiff filed the current motion seeking an Order deeming Defendants' Responses insufficient and compelling Defendants to fully respond.

6. Defendants filed a Response to Plaintiff's Motion at 4:57pm EDT on May 12, 2011.

### III.  MOTION TO DETERMINE SUFFICIENCY OF DEFENDANTS' RESPONSES

A.  <u>Contentions of the Parties</u>

In support of his Motion, Plaintiff argues Defendants failed to comply with Fed. R. Civ. P. 36 in their Responses to Plaintiff's Requests for Admission. Specifically, Plaintiff contends Defendants' repetitive statement, "I am without knowledge or information to either admit or deny this Request for Admission," does not comply with the requirements of Fed. R. Civ. P. 36. That Rule, Plaintiff argues, requires Defendants to state they have made a reasonable inquiry and that the information Defendants can readily obtain is insufficient to enable Defendants to admit or deny. <u>See</u> Pl.'s Mot., Pg. 2 (Dkt. 216). Plaintiff also argues Defendants are required to conduct a reasonable inquiry and must answer if sufficient information is readily obtainable notwithstanding Defendants' lack of personal knowledge of the facts. <u>Id.</u> at 2-3. Plaintiff asserts this contention should be "carried to its ultimate conclusion" to determine that "if a fact is known to be true by a party's attorney, that knowledge is imputable to the answering party and an admission is required." <u>Id.</u> at 3. Plaintiff also requests an award of expenses, including attorney fees, pursuant to Fed. R. Civ. P. 37(a)(5).

Defendants responded to Plaintiff's Motion at 4:57pm EDT on May 12, 2011.

3

B.  Discussion

Fed. R. Civ. P. 36 provides that a "party may serve on any other party a written request to admit...the truth of any matters within the scope of Rule 26(b)(1) relating to facts, the application of law to fact, or opinions about either; and the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1)(A)-(B). The purpose of Rule 36 requests for admissions is to allow for the narrowing of issues, to permit facilitation in presenting cases to the fact finder and, at a minimum, to provide notification as to those facts, or opinions, that remain in dispute. Advisory Committee Notes to Fed. R. Civ. P. 36(a). 970 amendment. Responding parties must admit, specifically deny, or state in detail why the answering party cannot truthfully admit or deny it. Fed. R. Civ. P. 36(a)(4). "[A]n answer to a request for admission [does not] necessarily [comply] with Rule 36(a) merely because it includes a statement that the party has made reasonable inquiry and that the information necessary to admit or deny the matter is not readily obtainable by him." Asea, Inc. v. Southern Pacific Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981). In fact, "a response which fails to admit or deny a proper request for admission does not comply with the requirements of Fed. R. Civ. P. 36(a) if the answering party has not, in fact, made reasonable inquiry, or if information readily obtainable is sufficient to enable him to admit or deny the matter." Id. at 1247.

"The requesting party may move to determine the sufficiency of an answer or objection...[and] [u]nless the court finds an objection justified, it must order that an answer be served." Fed. R. Civ. P. 36(a)(6). "On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." Id. Ordinarily, a district court should first order an amended answer, and deem the matter admitted

4

only if a sufficient answer is not timely filed, however, this determination is left to the sound discretion of the district judge. See David v. Hooker, Ltd., 560 F.2d 412, 418-419 (9th Cir. 1977).

This case involves extensive discovery. On March 22, 2011, Plaintiff served a series of requests for admissions pursuant to Fed. R. Civ. P. 36(a). Initially, the Court notes that Defendant Martinez's Responses are used as an example, however, the other two Defendants' Responses are strikingly similar and, therefore, are subject to the same analysis. To nine of the requests, Defendant Martinez responded as follows: "Because I only became Acting Warden at USP Hazelton on March 11, 2007, I have no knowledge or information and therefore, neither admit nor deny this Request for Admission." See Pl.'s Mot., Exhibit A (Dkt. 216). To eight of the requests, Defendant Martinez responded with "I am without knowledge or information to either admit or deny this Request for Information." Id.

The purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial. Keen v. Detroit Diesel Allison, 569 F.2d 547, 554 (10th Cir. 1978). In 1970, this Rule was amended to state that a party may not refuse to admit or deny a request for admission based upon a lack of personal knowledge if the information relevant to the request is reasonably available to him. 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2261, at 731 (2d ed. 1994). The Advisory Committee's Notes explain that Fed. R. Civ. P. 36 is "in keeping with a basic principle of the discovery rules that a reasonable burden may be imposed on the parties when its discharge will facilitate preparation for trial and ease the trial process." Advisory Committee's Note to Rule 36(a) (1970). Defendants' Responses to Plaintiff's Requests for Admission do not help to

5

narrow the range of issues for trial and, therefore, are insufficient. The language of Fed. R. Civ. P. 36(a)(4) requires the answering party to make a reasonable inquiry before asserting a lack of knowledge or information as a reason for failing to admit or deny a request for admission. Defendants have failed to state that they have made a "reasonable inquiry and that the information [they] know[] or can readily obtain is insufficient to enable [them] to admit or deny" in answering Plaintiff's Requests and the Court cannot speculate whether such inquiry was made. See Fed. R. Civ. P. 36(a)(4). Moreover, upon review of Plaintiff's Requests, the Court finds that much of the information sought could have been answered by information Defendants could readily obtain.

Alternatively, even if Defendants had used the "magic words" that they had conducted a "reasonable inquiry" in keeping with Fed. R. Civ. P. 36(a)(4), the discovery process is still subject to the overriding limitation of good faith. At best, Defendants committed an oversight and, at worst, Defendants abused the discovery process by answering with multiple evasive and meritless responses. Accordingly, the Court finds Defendants' Responses to Plaintiff's Requests for Admission to be insufficient and, thus, admitted. Defendants were required to state they had conducted a reasonable inquiry and answer if the information was readily obtainable, even though Defendants had no personal knowledge of the facts. See Asea, Inc. v. Southern Pacific Transportation Co., 669 F.2d 1242 (9th Cir. 1981). Lastly, Defendants filed their Response to Plaintiff's Motion at 4:57pm EDT on May 12, 2011. The Court does not receive notice of any electronic filing on the CM/ECF Federal Filing system until midnight of the following day. Therefore, the Court did not receive notice of Defendants' Response until May 13, 2011.

The Court will address Plaintiff's request for an award of expenses, including attorney

fees, after the District Court rules on objections, if any, to this Order.

C.     Decision

Defendants' Responses to Plaintiff's Requests for Admissions, Numbers 1, 2, 4, 5, 7, 8, 10-12, 14-16, 20, 22, 23, 27-29, and 31-40, are insufficient and are deemed **ADMITTED** for purposes of the trial.

Defendant Clements' Responses to Plaintiff's Requests for Admissions, Numbers 27 and 28 are not admitted for purposes of the trial.

Filing of objections does not stay this Order.

Any party may, by Tuesday, May 17, 2011, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection because the trial is scheduled for May 24, 2011. A copy of such objections should also be submitted to District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

**IT IS SO ORDERED.**
DATED: May 13, 2011                              /s/ *James E. Seibert*
                                                 JAMES E. SEIBERT
                                                 UNITED STATES MAGISTRATE JUDGE